(Reap. Dec. 8257)

AXEL ZACHO v. UNITED STATES

Entry No. 1606.

(Decided November 10, 1953)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*Mollie Strum* and *Chauncey E. Wilowski*, special attorneys), for the defendant.

EKWALL, Judge: This appeal for reappraisement involves the value for duty purposes of pewter candlesticks and household utensils imported from Copenhagen, Denmark. The date of certification of the invoice was August 23, 1948. Entry was made at the invoice prices, less 20 per centum trade discount. The appraiser disallowed the discount. It is claimed on behalf of the importer that the proper basis of value is the invoice price, less the 20 per centum discount, plus packing charges, and that this represents foreign value under section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)).

Plaintiff produced the testimony of one witness, the appraiser at the port of entry. He testified as to the basis of appraisement, which he stated to be foreign value. On cross-examination, he testified that foreign value was used as the basis because of information contained in a letter from the manufacturer which was admitted in evidence as defendant's collective exhibit A. He further admitted that he did not know whether the Danish retailers ever received a 20 per centum discount generally.

Plaintiff also introduced in evidence as exhibit 1 an affidavit of the managing director of the manufacturer of the merchandise herein involved, sworn to on March 20, 1952. In said affidavit, it was stated that the manufacturer freely offers and sells all its products to all retailers and other dealers in Denmark at the same list price and at the same trade discount of 20 per centum off the list price; that, in actual practice, sales are made only to retailers, but Danish wholesalers and jobbers are free to buy at the same list price and the same discount. These statements are contradicted by the affiant in defendant's collective exhibit A, *supra*, a letter dated May 4, 1948, in answer to a questionnaire sent by the appraiser at the port of entry to the manufacturer. This letter states that the involved merchandise is sold at different prices to wholesalers and retailers; that it had no current price list; that on August 12, 1947, the same quantity of the merchandise was sold to all wholesalers with a discount of 20 per centum, as in the home market; that, ordinarily, the merchandise is not sold to retailers abroad, although this has been done in one case

only, i. e., to Denmark House, Chicago, on August 5, 1947, at the same price as the merchandise is sold to retailers in the home market, without the 20 per centum discount. Plaintiff in the brief filed states in regard to this answer that "It is impossible to tell to what sentence or clause the marginal remark 'as in the home mar' attaches." The court finds no difficulty in determining that the phrase "as in the home mar" as in completion of the first portion of the answer to question 3, which reads:

On August 12th, 1947 the same quantity of the merchandise was sold to all wholesalers with a discount of 20 per cent as in the home mar.

The above letter, which was sent from the manufacturer, was signed by the same individual who executed the affidavit, plaintiff's exhibit 1, *supra*. The statements in the two documents are contradictory and irreconcilable. The difference in time of the signing of the two documents cannot account for the contradictions, inasmuch as the affidavit states:

* * * The statements herein apply not only to the articles shipped under consular invoice 1487, certified at Copenhagen, August 23, 1948, but to all other Just Anderson products such or similar to those shipped to Axel Zacho, of Los Angeles, at various times.

In order to overcome the presumption of correctness attaching to the appraised values, plaintiff must show (1) the foreign value and (2) the export value, in order that the higher may be taken (section 402, Tariff Act of 1930), or he must show (1) a foreign value and the nonexistence of an export value or (2) an export value and the nonexistence of a foreign value. *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. (Customs) 251, 253, T. D. 46057. In the instant case, the evidence produced on behalf of the plaintiff is in contradiction of statements made by the affiant in response to an inquiry by the Treasury Department. The court is unable to reconcile the contradictory statements.

I find that the presumption of correctness attaching to the appraiser's finding of value has not been overcome.

I, therefore, find as facts:

That the merchandise consists of pewter candlesticks imported from Copenhagen, Denmark.

I conclude from the record:

1. The plaintiff has failed to overcome the presumption of correctness attaching to the appraised values.

2. The plaintiff has failed to establish a foreign or export value different from the appraised value.

3. The proper values are the invoice unit values, net, plus packing (marked X), which represent the foreign value, as defined in section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)).

Judgment will be rendered accordingly.